| | |
|---|---|
| GOODE TIME PRODUCTIONS LLC, <br><br> PLAINTIFF, <br><br> –AGAINST– <br><br> JOEL JUST d/b/a UPTOWN CAROLERS, <br><br> DEFENDANT. | No. 4:19-cv-00058 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Goode Time Productions LLC ("Goode Time"), by its counsel Creedon PLLC, files this First Amended Complaint against Defendant Joel Just d/b/a Uptown Carolers ("Defendant"), alleging as follows:

### NATURE OF THE ACTION

1. Goode Time seeks injunctive and monetary relief for Defendant's intentional infringement of Goode Time's copyright in its original and creative compilation of Christmas, holiday, and special event song compositions, sound recordings, bits, routines, starting pitches, blocking, and other scripted material (collectively, Goode Time's "Show").

2. Goode Time's Show is comprised of quartets of a capella singers who, donning Victorian-era garb, perform over 75 Christmas, holiday, and special event songs from memory while performing clever bits, routines, blocking, and other scripted material.

3. For purposes of performing the Show, Goode Time provides each of its independent contractors with a music book, rehearsal CD, costume, and access to an online database where the music book and rehearsal CD are stored electronically and able to be downloaded (individually and collectively, the "Materials").

4. All of the following claims arise out of and are based on Defendant's copying and distribution of the Materials, as well as Defendant's public performance and sale of the Show without Goode Time's consent. Goode Time therefore sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 *et seq*.

5. Goode Time seeks all remedies afforded by the Copyright Act, including permanent injunctive relief, Goode Time's damages and Defendant's profits from its willfully infringing conduct, and other monetary relief as this Court deems proper.

## PARTIES

6. Plaintiff Goode Time Productions, LLC is a California limited liability company, formed on March 20, 2007, with its principal place of business at 1811 North Whitley Avenue, Suite 201, Los Angeles, California, 90028.

7. Uptown Carolers is a sole proprietorship formed in 2013, with its principal place of business at 3904 Sharp Lane, Richardson, Texas 75082.

8. Joel Just is the Owner of Uptown Carolers and resides at 3904 Sharp Lane, Richardson, Texas 75082.

9. Defendant may be served with process at 3904 Sharp Lane, Richardson, Texas 75082.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338 because the suit arises under the Copyright Act, 17 U.S.C. §101 *et seq*.

11. Venue is proper in this district, *inter alia*, under 28 U.S.C. § 1400(a) because Defendant may be found in this district. Venue is additionally proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and has caused damage to Goode Time in this district.

12. Personal jurisdiction exists over Defendant because Defendant conducts business in Texas and in this judicial district, or otherwise avail itelf of the privileges and protections of the laws of the State of Texas.

## CONDITIONS PRECEDENT

13. All conditions precedent have been performed or have occurred.

## FACTS COMMON TO ALL COUNTS

14. Formed in 2007, Goode Time Productions, LLC quickly became one of the most sought-after caroling and musical performance companies. Beginning as the Dickens

Carolers of Disneyland, Goode Time went on to dominate the Los Angeles Christmas caroling market as the Goode Time Carolers and has since expanded to Phoenix, New York City, Nashville, Hong Kong, Shanghai, and Dallas—working with event and party planners along the way to entertain at weddings, birthdays, holiday parties, and other special events.

15. The Goode Time Carolers have starred in multiple national commercials, including several for Marshall's and Dunkin' Donuts, and a Chevrolet Trucks commercial with Howie Long. Along with numerous television shows for the Nickelodeon Channel, USA Network, and Disney Network, the Goode Time Carolers have also been featured in film—including *Holly's Holiday* for the Lifetime Channel.

16. Goode Time is also the special event caroling company for many resorts, hotels, and five star restaurants—including Lawry's Prime Rib in Dallas.

17. Goode Time expanded into Dallas in 2012 and recruited independent contractors to perform the Show as the Goode Time Carolers of Dallas. Among these independent contractors was Defendant Joel Just.

18. Goode Time provided each of its new Dallas carolers with the Show Materials and had each of its new Dallas carolers sign independent contractor agreements (the "Agreement(s)") that stated, among other things, that each performer agreed (1) the Materials were the sole property of Goode Time and (2) not to retain any copies of the Materials upon expiration or termination of the Agreement.

19. As one of the new performers for Goode Time in Dallas, Defendant Joel Just signed one of these agreements (Exhibit A) and received the Materials for use in performing the Show during the 2012 holiday season.

20. Defendant Joel Just performed the Show in Dallas for Goode Time during the 2012 holiday season, but he did not return to perform for Goode Time thereafter.

21. On information and belief, Defendant Joel Just retained access to, or copies of, the Materials after ceasing to work as a performer for Goode Time.

22. Defendant Joel Just formed Uptown Carolers in 2013.

23. Uptown Carolers was initially comprised primarily of performers who had previously worked as Goode Time carolers.

24. Defendant trained its performers by copying and distributing the Materials to its performers for purposes of performing the Show.

25. Starting in 2013 when the Uptown Carolers were formed, Defendant publicly performed the Show for pecuniary gain without Goode Time's consent.

26. Also starting in 2013, Defendant Uptown Carolers created its own web site to market its services, uptowncarolers.com, where it presently claims "Copyright 2013-18. Uptown Carolers. All rights reserved." and proudly touts that it is "Dallas's most versatile Christmas caroling company" with "over 70 songs memorized." (Exhibit B.)

27. In 2014, Goode Time received an anonymous email with multiple photographs showing Defendant, along with other carolers that had previously worked as Goode Time carolers, dressed in Victorian-era garb and performing in public. (Exhibit C.)

28. In 2015, Goode Time received an email from one of its Dallas carolers stating that Defendant had begun a new caroling group—the Uptown Carolers—comprised of quartets of a capella singers. According to this email, Uptown Carolers donned Victorian-era garb and, using the Goode Time Materials, were performing Goode Time's Show in the Dallas area. Specifically, Uptown Carolers was performing Goode Time's original and creative compilation of Christmas, holiday, and special event songs, bits, routines, starting pitches, blocking, and other scripted material.

29. Upon discovering Defendant's wrongful activity, Goode Time retained Sagar Parikh of the Beverly Hills Law Corp. to send Defendant an initial cease and desist letter, which was delivered on November 17, 2015, to Defendant's email at uptowncarolers@gmail.com. (Exhibit D.)

30. Defendant chose not to comply with the cease and desist demand, and instead recruited more performers from the Dallas area and continued to perform the Show in direct competition with Goode Time.

31. Goode Time retained our firm to represent its interests in 2018.

32. Goode Time sent Defendant a cease and desist letter on November 30, 2018, again demanding that Defendant cease its wrongful conduct (Exhibit E), which was delivered to Defendant's email at uptowncarolers@gmail.com and to Defendant's home at 3904 Sharp Lane, Richardson, Texas 75082.

33. Defendant received and signed an acknowledgement of receipt of this cease and desist letter. (Exhibit F.)

34. Again, Defendant chose to ignore the cease and desist letter, and instead continued to perform the Show around the Dallas area, as documented by video evidence, social media posts, and publicly-available advertising materials.

35. On December 4, 2018, Goode Time sent Defendant a follow-up email to again ask that it cease infringing on Goode Time's copyright in its Show. (Exhibit G.)

36. Again, Defendant chose to ignore the cease and desist letter, and instead continued to perform the Show around the Dallas area—even posting on its Facebook page the very next day about performing in Dallas. (Exhibit H.)

37. Notably, on December 10, 2018, Defendant performed Goode Time's Show at the Dallas Bar Association Annual Holiday Party at the Belo Mansion in Dallas, Texas. Defendant Joel Just was one of the performers at this event. (Exhibit I.)

38. Goode Time is struck by Defendant's bad faith in willfully appropriating Goode Time's Show for its own commercial use and benefit, choosing not to comply with its demands after three separate requests, and instead ignoring and continuing to brazenly violate Goode Time's valuable intellectual property rights.

39. Goode Time accordingly files suit for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, seeking all injunctive and monetary relief as this Court deems proper.

## COUNT ONE
### (Copyright Infringement – 17 U.S.C. § 501)

40. Goode Time incorporates by reference each and every allegation contained in Paragraphs 1-39 of this Complaint as though fully set forth here.

41. Goode Time's Show is copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101 *et seq*. Goode Time is the exclusive copyright owner in and to the Show.

42. Goode Time owns a Copyright Registration (Registration No. SRu 1-362-980) in the unpublished sound recordings and unpublished compilation of songs and script that comprise Goode Time's Show, with an Effective Date of Registration of November 29, 2018. (Exhibit J.)

43. Goode Time's copyright ownership of the Show constitutes *prima facie* evidence of the validity of its exclusive rights in the Show pursuant to 17 U.S.C. § 410(c).

44. Through Defendant's infringing conduct, including Defendant's copying and distribution of the Materials, as well as Defendant's public performance and sale of the Show without Goode Time's consent, Defendant has directly infringed Goode Time's exclusive rights in the Show under the Copyright Act.

45. On information and belief, Defendant's infringing conduct was and continues to be willful and with full knowledge of Goode Time's rights in the Show, and has enabled Defendant to illegally obtain profit.

46. As a direct and proximate result of Defendant's infringing conduct, Goode Time has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to its infringing conduct, and an accounting of and a constructive trust with respect to such profits.

47. As a direct and proximate result of the Defendant's infringing conduct, Goode Time has sustained and will continue to sustain substantial and irreparable injury, for which there is no adequate remedy at law. Unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to wrongfully infringe on Goode Time's rights. Goode Time therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Goode Time requests that judgment be entered in its favor and against Defendant as follows:

a. Declaring that Defendant's copying and distribution of Goode Time's Materials that collectively constitute the Show infringes Goode Time's valid intellectual property rights;

b. Declaring that Defendant's many commercial uses of Goode Time's Show, including the public performance and sale of the Show, infringes Goode Time's valid intellectual property rights;

c. Declaring that Defendant's conduct was knowing, intentional, and willful;

d. Permanently enjoining Defendant, its successors, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, from:

- i. using or performing (including, without limitation, in connection with the marketing, advertising, and sale of products or services) the Materials, the Show, or any colorable imitation thereof; and
- ii. engaging in any other activity constituting unfair competition or unjust enrichment with Goode Time, or infringing on Goode Time's rights.

e. Ordering that all Materials possessed by Defendant with any relation to the Show, both in electronic and physical form, as well as any and all derivative works created or caused to be created by Defendant relating to the Show, be deleted or destroyed pursuant to 17 U.S.C. § 503;

f. Ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on Goode Time's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

g. Directing an accounting to determine Defendant's profits resulting from its unlawful activities;

h. Awarding Goode Time compensation for any and all damages, injury, and harm, as well as disgorgement of all profits and benefits that were obtained by Defendant as a result of its wrongful conduct pursuant to 17 U.S.C § 504; and

i. Awarding any other such relief that the Court deems just and proper.

Dated: August 2, 2019                    Respectfully submitted,

**CREEDON PLLC**

By: */s/ Charles A. Wallace*
James H. Creedon
Texas Bar No. 24092299
Charles A. Wallace
Texas Bar No. 24110501
3001 Dallas Parkway, Suite 570
Frisco, TX 75034
Tel.   972.850.6864
Fax   972.920.3290
jhcreedon@creedonpllc.com
cwallace@creedonpllc.com

ATTORNEYS FOR PLAINTIFF
GOODE TIME PRODUCTIONS LLC

## CERTIFICATE OF SERVICE

    I hereby certify that on August 2, 2019, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

_____
Charles A. Wallace